PRICE, Judge.
This is an appeal from the judgment of the City Court of Bossier City ordering *376 the eviction of defendant from premises leased from Bossier Press, Inc. In the rule for eviction plaintiff alleges defendant, Bossier Mechanical Contractors, Inc., had breached the written lease agreement in the following respects: (1) Failing to timely pay the rental when due; (2) That alterations of the premises had been made without the consent of the lessor; (3) that lessee had agreed to perform certain mechanical maintenance on the entire building owned by lessor and had failed to carry out this obligation.
Defendant filed an exception to the jurisdiction of the City Court, contending that the rental for the unexpired term of the lease exceeds the $1,000 jurisdictional limit of the court.
We find the exception to have merit and reverse the judgment appealed from.
The jurisdiction of the City Court for Bossier City is proscribed by the provisions of La.C.C.P. art. 4834 as follows:
“The civil jurisdiction of city courts where the population within their respective territorial jurisdiction is twenty thousand or more is concurrent with that of districts courts in cases where the amount in dispute, or the value of the movable property involved, does not exceed one thousand dollars, exclusive of interest and attorney’s fees, including suits by landlords for the possession of leased premises where the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed this amount.’’ (emphasis ours)
By reference to the written lease agreement attached to pleadings in the record, we note the primary term of the lease was for two years beginning on July 1, 1972, and that the lessee was granted an option of renewing the lease at the expiration of an additional term of three years on the same terms and considerations. There is no,dispute that this option was timely exercised by lessee in accord with the provisions of the lease contract. The lease provides for a monthly rental of $50 per month.
At the time this action was filed there remained a period of 35 months under the renewed term. Therefore, the rental for the remainder of the lease was $1,750, which is in excess of the $1,000 jurisdictional limit provided by C.C.P. art. 4834.
Although neither party raised any such issue, the trial judge, after hearing evidence, found there was no meeting of the minds of the parties as to what was intended to be included within the obligation of lessee to perform “mechanical maintenance’’ and declared the lease invalid from its inception.
We find the court was without jurisdiction to make such a determination, and, therefore, express no opinion as to the correctness of the trial judge’s conclusion in this regard.
Since there was evidence adduced showing the amount of rent for the unexpired term exceeded $1,000, and, in fact, this is shown by plaintiff’s pleadings, the court lacked jurisdiction to proceed further with the rule and should have sustained the exception to its jurisdiction.
For the foregoing reasons the judgment appealed from is reversed, the exception to the jurisdiction of the City Court is sustained, and plaintiff’s suit is hereby dismissed. All costs, including costs of this appeal, are to be borne by the plaintiff.